# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**TAMU LATIEYA CARTER,**
       **Plaintiff,**

    **v.**                      **Case No. 11-C-0635**

**THERESA J. BYAS, et al.,**
       **Defendants.**

---

## DECISION AND ORDER

Plaintiff Tamu Carter has filed a pro se civil rights complaint with this court against a number of individuals and the Children's Division of the Milwaukee County Circuit Court. Having reviewed the complaint, I am unable to identify any valid claim against the defendants. The complaint does not contain a clear statement of what happened to the plaintiff and why she has filed this lawsuit. As best I can tell, plaintiff thinks her children were taken from her improperly by certain individuals, possibly relatives. She describes these actions as kidnaping and asks that the individuals involved be criminally prosecuted. However, she also mentions a guardian ad litem and Milwaukee County Children's Court, so it is possible that plaintiff is upset with some form of child custody determination.

Before I can determine whether plaintiff's complaint can proceed, she will need to file an amended complaint providing me with additional information about her claims. She should start by writing a brief explanation of the events that caused her to file this lawsuit and then identify some basic facts about the defendants (who they are, where they live, what their jobs are, etc.) and explain why she believes she is entitled to relief against them. Plaintiff should keep in mind that a federal court can only entertain certain kinds of civil

lawsuits, and that because of the limited scope of federal jurisdiction it is possible that her complaint belongs in state court or in some other forum. Although I cannot provide an exhaustive explanation of the various kinds of cases that can be brought in federal court, I can make some general comments that might be relevant to plaintiff's potential claims.

To start, I note that although plaintiff asks that certain of the defendants be criminally prosecuted, a federal judge cannot initiate criminal proceedings. That is something for a district attorney or other criminal prosecutor to decide. So to the extent plaintiff believes that the defendants are engaged in criminal activity, she should contact the police or other authorities rather than continue this lawsuit.

Plaintiff also seems to be complaining about state-court orders that she thinks are unfair or unlawful in some respect. However, a federal trial court has no authority to set aside state-court orders or to impose civil liability on individuals who obey those orders. Also, a federal trial court generally cannot entertain lawsuits against state courts and state-court officials, so to the extent that plaintiff is seeking relief against Milwaukee Children's Court, those claims cannot proceed here. Similarly, a federal court has no authority to fire state officials or demand that they issue an apology, as plaintiff requests. If plaintiff is upset with the rulings of a state court, most likely her remedy is to file an appeal of the court's orders with the Wisconsin Court of Appeals.

Plaintiff also asks for an order that her children be returned to her. From the limited information available in the complaint, it seems as though her children are in the custody of relatives pursuant to some state-court order. If this is the case, then as explained above this court will not be able to help her, since a federal court generally cannot interfere with

state-court orders.  In any event, an order mandating the return of a child is not the type of order a federal court normally issues in a civil case.

Finally, plaintiff requests money damages.  Although a federal court can entertain claims for money damages, a plaintiff must first show that he or she has a viable cause of action that can be brought in federal court.  In her current complaint, plaintiff does not clearly describe any facts that would entitle her to recover damages against any defendant. Perhaps she is bringing some sort of claim for emotional distress damages, but if that is the case I cannot exercise jurisdiction over the claim because it does not involve any federal issues.[1]

## CONCLUSION

For the reasons explained above, **IT IS ORDERED** that plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** for failure to plead a claim over which a federal court may exercise jurisdiction.  If after considering my comments above plaintiff believes she has a claim that may be heard in federal court, she may file an amended complaint that meets the criteria outlined in my comments.  If she does not file such a complaint within thirty days of the date of this order, I will assume plaintiff has decided to seek relief elsewhere and will direct the court to dismiss this case in its entirety and close the file.

---

[1]If the plaintiff were a citizen of a different state than all of the defendants and the amount in controversy exceeded $75,000, I might be able to exercise jurisdiction over a claim for emotional distress damages.  However, plaintiff and one of the defendants are from Illinois, and so this basis for jurisdiction does not exist.

Dated at Milwaukee, Wisconsin this 22nd day of July, 2011.

/s_____
LYNN ADELMAN
District Judge