# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TAMU LATIEYA CARTER,**
      **Plaintiff,**

     v.                                                Case No. 11-C-0635

**CHRISTINE WEMBER, GAL, and**
**MILWAUKEE COUNTY CIRCUIT COURT**
**CHILDREN'S DIVISION**
      **Defendants.**

## DECISION AND ORDER

Plaintiff Tamu Carter filed this pro se civil rights action against a number of defendants. On July 22, 2011, I issued an order explaining that the complaint was unclear and that I could not tell from reviewing it whether plaintiff was asserting a claim over which a federal court has jurisdiction. I granted plaintiff leave to expand on her claims by filing an amended complaint, and she has done so. The amended complaint pares the number of defendants down to two. The first is Christine Wember, who appears to be an attorney who served as a guardian ad litem in a children's court proceeding involving the plaintiff and her children. The second defendant is identified as the Children's Division of the Milwaukee County Circuit Court. The precise contours of plaintiff's claims against these defendants are still unclear, but in general she appears to be asserting a claim for deprivation of due process in connection with a proceeding involving the Uniform Child Custody Act that took place on January 14, 2003.

Plaintiff does not identify the act or acts of the defendants that caused the deprivation of due process, and for this reason I cannot allow her claim to proceed further.

All that plaintiff says about the defendants' conduct is that they "utilized" the Uniform Child Custody Act on her "without just cause to her case." This sounds like plaintiff thinks that the court made an erroneous or unfair ruling pursuant to the Uniform Child Custody Act. If that is what plaintiff is complaining about, I would lack jurisdiction over the case because federal district courts generally cannot review the rulings of state courts, even if they are erroneous or unjust in some way. See Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

If plaintiff has some complaint against the defendants that involves something other than an adverse ruling by the children's court, she may try one more time to explain what that claim is. If she decides to try, plaintiff must explain in detail exactly what the defendants did to her. Simply saying that they acted "without just cause" or that they deprived her of due process is not specific enough.

Therefore, **IT IS ORDERED** that plaintiff's amended complaint is **DISMISSED WITHOUT PREJUDICE** for failure to plead a claim over which a federal court may exercise jurisdiction. If plaintiff still wishes to proceed with a claim in this court, plaintiff must file a second amended complaint within **30 days** of the date of this order. If plaintiff does not file such a complaint, I will assume plaintiff has decided to seek relief elsewhere and will direct the clerk of court to dismiss this case in its entirety and close the file.

Dated at Milwaukee, Wisconsin this 5th day of August, 2011.

/s_____
LYNN ADELMAN
District Judge