# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TAMU LATIEYA CARTER,
        Plaintiff,

v.                                                 Case No. 11-C-0635

CHRISTINE WEMBER, GAL, and
MILWAUKEE COUNTY CIRCUIT COURT
CHILDREN'S DIVISION
        Defendants.

## DECISION AND ORDER

In response to my orders, plaintiff has filed a second amended complaint in this matter. In my prior orders, I explained that plaintiff's allegations were so vague and general that I could not determine whether she was bringing a claim that could proceed in federal court. Having reviewed the second amended complaint, I conclude that this case must be dismissed.

Plaintiff sues two defendants. The first is Christine Wember, the guardian ad litem in a children's court proceeding involving the plaintiff and her children. The second defendant is identified as the Children's Division of the Milwaukee County Circuit Court. The precise contours of plaintiff's claims against these defendants are still unclear, but in general plaintiff appears to be asserting a claim for deprivation of due process in connection with a proceeding involving the Uniform Child Custody Act that took place on January 14, 2003.

In my last order, I instructed plaintiff to identify the precise act or acts of the defendants that caused the alleged deprivation of due process. In response, plaintiff alleges that Wember didn't conduct a proper investigation and that she "discredited" the plaintiff's character. (Plaintiff doesn't tell us what the investigation was about or what Wember said about the

plaintiff's character.) Plaintiff also alleges that Wember's "employer," the Milwaukee County Children's Court, recklessly "upheld" Wember's accusations. From these allegations, I think it is safe to conclude that plaintiff's claim against the Children's Court involves an injury that plaintiff claims to have suffered as a result of a state-court ruling. Therefore, I must dismiss this claim for lack of subject matter jurisdiction pursuant to the Rooker-Feldman doctrine. See Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). However, plaintiff's claim against Wember is not barred by Rooker-Feldman, as that claim seems to arise out of the actions that led to the judgment. Determining whether Wember's actions violated plaintiff's rights would not necessarily involve a review of the state-court judgment that was entered as a result of Wember's actions.

Still, it is difficult to identify a viable due process claim against Wember. A guardian ad litem's failure to properly investigate a claim is not necessarily a due-process violation, and plaintiff describes Wember's conduct as "negligence," which on its own does not give rise to a constitutional violation. Likewise, it is hard to find a due-process violation in the allegation that Wember discredited the plaintiff's character. In any event, it is clear that to the extent plaintiff ever had a viable claim against Wember, that claim is now barred by the statute of limitations. The period of limitations for civil-rights suits in Wisconsin is six years. See, e.g., Malone v. Corrections Corp. of Am., 553 F.3d 540, 542 (7th Cir. 2009). Plaintiff alleges that the conduct that gave rise to this suit occurred during court proceedings that were held on January 14, 2003. The limitations period thus expired in January 2009, yet this suit was not filed until June 30, 2011.

Although the statute of limitations is an affirmative defense, a court can raise the defense on its own when the plaintiff pleads all the elements of the defense in the complaint. See Xechem, Inc v. Bristol-Meyers Squibb Co., 372 F.3d 899, 901 (7th Cir. 2004). Here, it is clear from the face of the complaint that the claim against Wember is barred by the statute of limitations, and therefore that claim will be dismissed on the merits.

**THEREFORE, IT IS ORDERED** that the second amended complaint and this action are **DISMISSED**. The claim against the Milwaukee County Circuit Court is dismissed for lack of subject matter jurisdiction. The claim against Christine Wember is dismissed for failure to state a claim on which relief may be granted. The Clerk of Court shall enter final judgment.

Dated at Milwaukee, Wisconsin this 10th day of August, 2011.

                                          s/ Lynn Adelman
                                          LYNN ADELMAN
                                          District Judge